IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OKAN DELIBALTA,<br>    *Plaintiff,*<br><br>v.<br><br>UR M. JADDOU, Director of the U.S.<br>Citizenship and Immigration Services (USCIS),<br>in her official capacity,<br>    *Defendant.* | Case No. 4:24-cv-226 |

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

**INTRODUCTION**

Plaintiff Okan Delibalta files the instant action under 28 U.S.C. § 1361 and the Administrative Procedures Act (APA), 5 U.S.C. § 706 *et seq.*, to compel Defendant Ur M. Jaddou ("Defendant" or "Jaddou") to perform a duty owed to him. Plaintiff is a Turkish citizen who has been lawfully attending school, living, and working in the United States. He seeks to have Defendant Jaddou and the U.S. Citizenship and Immigration Services (USCIS) accept his timely response to a request for evidence in connection with his application for adjustment of status.

On January 19, 2021, Plaintiff filed with Defendant Form I-485, an application to adjust his status for permanent residence. Plaintiff had initially entered the United States with J-1 visa. He subsequently changed to a F-1 student visa, and after graduating from college, he was sponsored for an H1B visa. The H1B program allows employers to hire nonimmigrant foreigners as workers in specialty occupations. A specialty occupation is one that requires a body of highly specialized knowledge and at least a bachelor's degree or its equivalent.

1

After reviewing Plaintiff's adjustment of status application, Defendant requested additional information relating to Plaintiff's lawful status and his initial visa. Plaintiff's response to the request for evidence (RFE) was due on December 29, 2022. However, due to the Covid-19 worldwide pandemic, Defendant at that time had a nationwide policy of accepting as timely responses to RFEs that were filed within 60 calendar days after the due date. Plaintiff mailed his response to the RFE to the USCIS and it was delivered on February 9, 2023, less than 40 days after the deadline, making the submission timely under Defendant's policy. Defendant however refused to acknowledge receipt of Plaintiff's response and denied his application for adjustment of status.

There is no justification for Defendant's actions. Defendant's own policy required her to accept Plaintiff's timely response. Defendant is mandated by law to comply with her official duties and obligations and her failure to do so violates federal law. This Court should compel Defendant to perform her duties and/or declare such agency action unlawful and compel agency action as required by the APA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 8 U.S.C. §§ 1331 (federal question), 1361 (mandamus) and 5 U.S.C. § 702 *et seq*. (APA).

2. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district and plaintiff resides in this district.

## PARTIES

3. Plaintiff Okan Delibalta is a citizen of Turkey and resides in this Court's jurisdiction.

4. Defendant Ur M. Jaddou is the Director of the U.S. Citizenship and Immigration Services (USCIS), and as such is charged by statute with the administration and

enforcement of the Immigration and Nationality Act (INA) and all other laws relating to the immigration and naturalizations of noncitizens. She is sued in her official capacity only.

## **LEGAL BACKGROUND**

5. Adjustment of status is the process for foreign-born persons to obtain permanent residence status in the United States. Under 8 U.S.C. § 1255(a), an applicant must file an application, Form I-485, and present evidence that she was (1) inspected and admitted or paroled into the United States (or they have an approved petition as self-petitioner under the Violence Against Women Act (VAWA)), (2) she is eligible to receive an immigrant visa, (3) she is admissible to the United States, and (4) an immigrant visa is immediately available to the applicant. 8 U.S.C. § 1255(a).

6. This process is available to persons whose family members have filed family visa petitions for the noncitizens, 8 U.S.C. § 1154(a)(1)(A), as well as nonimmigrant workers who have been petitioned by their employers, 8 U.S.C. § 1154(a)(1)(E).

7. Generally, a noncitizen can file with the USCIS her application for adjustment of status to permanent residence once a visa is available. For noncitizens who have a lawful admission or parole and are immediate relatives, as that term is defined in the INA, a visa to adjust status is immediately available. 8 U.S.C. § 1151(b)(2)(A)(i). Other noncitizens are subject to certain limitations before they can adjust in the United States. 8 U.S.C. § 1255(c).

8. Congress however created exceptions for those noncitizens who are not adjusting based on a family visa petition filed by an immediate relative. 8 U.S.C. § 1255(k). They may adjust if, among other things, they were present in the United States pursuant to a lawful

|   |   |
|---|---|
|   | admission on the date the adjustment application was filed and (2) they have not been out of status for more than 180 days. *Id.* |
| 9. | While an application for adjustment of status is pending, USCIS may send the applicant a Request for Evidence (RFE) asking for additional documentation. Generally, USCIS provides a fixed date or number of days for the applicant to submit their response. Failure to respond can result in the denial of the adjustment application. |
| 10. | Effective March 1, 2020 and due to the Covid-19 pandemic, USCIS announced that it was adopting measures to help applicants who were responding to RFEs and other similar requests. https://www.uscis.gov/archive/uscis-expands-flexibility-for-responding-to-uscis-requests. Such flexibility deemed responses to RFEs as timely if received by the USCIS within 60 calendar days after the response deadline. *Id.* |
| 11. | This flexibility was in effect in 2021 and continued through March 23, 2023. https://www.uscis.gov/newsroom/alerts/uscis-extends-covid-19-related-flexibilities-1. Thus, from March 30, 2020 through March 23, 2023, any response to a RFE submitted and received 60 calendar days after the deadline is considered timely |

### STATEMENT OF FACTS

12. Plaintiff Delibalta first entered the United States in 2006 with a J-1 visa. A J-1 visa allows foreign scholars, researchers and exchange visitors to come to the U.S. as part of an exchange program for medical or business training. The United States Department of State (DOS) may require J-1 visa holders to return to their country for 2 years before changing to any other status to remain in the United States. In Plaintiff's case, DOS did not annotate on Plaintiff's visa that he was required him to return to his home for 2 years. This is common.

13. In 2007, Plaintiff applied for and was approved for a F-1 student visa.

14. He graduated from college with a degree in computer science and then USCIS granted him permission to work through the F-1 STEM Optional Practical Training (OPT) Program.

15. He remained on his OPT F-1 student visa through 2015. That same year, Aloe Software Company, a United States company, sponsored Plaintiff for an H1B visa.

16. Plaintiff remained on his H1B visa until September 5, 2020. While Plaintiff was employed with Aloe Software Company, his employer began the immigrant visa process to sponsor Plaintiff for permanent residency.

17. In April 2020, the U.S. Department of Labor certified the company's Permanent Employment Certification, which is a prerequisite for the noncitizen to apply for his permanent residency, either in the U.S. through adjustment or abroad at a U.S. consulate.

18. Plaintiff's first attempt in filing his application for adjustment of status was rejected because no visa was available.

19. On January 19, 2021, Plaintiff applied again for adjustment of status for permanent residence. Because he had not been out of status for more than 180 days and he was present in the United States pursuant to a lawful admission when he filed his adjustment application, he was eligible to apply for adjustment.

20. On October 3, 2022, USCIS issued Plaintiff a RFE asking for documentation that (1) the 2-year residency requirement applicable to some J-1 visas no longer applied to him, *see* 8 U.S.C. § 1182(e), and (2) that he was in lawful immigration status from May 12, 2018 though the date he filed his adjustment application.

21. Plaintiff's response to the RFE was due on or before December 29, 2022. But due to the USCIS's policy of providing a 60-day grace period for RFE deadlines, Plaintiff's response was not due until February 27, 2023.

22. Plaintiff's counsel responded to the RFE and Federal Express delivered the response on February 9, 2023.

23. Defendant never acknowledged receipt of Plaintiff's response.

24. On April 25, 2023, Defendant denied Plaintiff's application for adjustment of status because a response to the RFE was never submitted.

25. USCIS refusal to accept Plaintiff's response is plainly wrong as the response was timely submitted.

26. In his response, Plaintiff submitted evidence that he was not subject to the 2-year residency requirement and argued that under § 1255(k), he had not been out of status for more than 180 days on the date he filed his application for adjustment of status.

27. Since the denial of his adjustment application, Plaintiff Delibalta has been living in the United States without legal status and work authorization. He needs to work lawfully to support himself.

28. Plaintiff has exhausted all administrative remedies and there are no further acts Plaintiff can take to make USCIS accept his response to the RFE.

## CAUSES OF ACTION

### Administrative Procedures Act, 5 U.S.C § 706

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. Defendant's refusal to acknowledge and accept as timely Plaintiff's response to Defendant's RFE is unreasonable, unlawful, arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law.

### Mandamus Act, 28 U.S.C. § 1361

31. Plaintiff re-alleges and incorporates by reference paragraph 1 through [x] above.

32. Defendant is obligated extend its own policies to accept Plaintiff's response to the October 22, 2022 as timely. Defendant's refusal to perform such action violates federal law and this Court can compel such action.

## PRAYER FOR RELIEF

Plaintiff respectfully request that this Court:

A. Assume jurisdiction over this action;

B. Declare that Defendant's refusal to acknowledge and accept as timely Plaintiff's response to the October 22, 2022 RFE violates the Administrative Procedure Act;

C. Declare that Defendant's refusal to acknowledge and accept as timely Plaintiff's response to the October 22, 2022 RFE violates Mandamus Act;

D. Declare that Defendant has failed to exercise her mandatory duty to acknowledge and accept as timely Plaintiff's response to the October 22, 2022 RFE;

E. Order that Defendant acknowledges and accepts as timely Plaintiff's response to the October 22, 2022 RFE; and

F. Grant Plaintiff's costs and attorneys' fees and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Javier N. Maldonado
Javier N. Maldonado
TX Bar No. 00794216
Fed. Bar No. 20113

Law Office of Javier N. Maldonado, PC
8620 N. New Braunfels, Ste. 605
San Antonio, Texas 78217
Telephone: (210) 277-1603
Facsimile: (210) 587-4001
Email: jmaldonado.law@gmail.com

**ATTORNEY FOR PLAINTIFF**